# IN THE UNITED STATES DISTRICT COURT FOR THE
# EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| **BILLY MONROE HICKS,** | ) |
| Petitioner, | ) |
| v. | ) No. CIV 07-238-JHP-SPS |
| **MARTY SIRMONS,** | ) |
| Respondent. | ) |

## OPINION AND ORDER

On August 22, 2008, petitioner filed identical motions for a preliminary injunction or temporary restraining order in this case and in his two other lawsuits before this court, *Hicks v. Jones*, No. CIV 07-278-RAW, and *Hicks v. Jones*, No. CIV 08-228-RAW. He alleges the defendants are trying to retaliate against him by removing him from protective custody, and the protective custody program at Oklahoma State Penitentiary may be ended. He asserts he intends to file another civil rights complaint on these issues, after he has exhausted his administrative remedies.

A preliminary injunction grants intermediate relief of the same character as that which may be finally granted. *See De Beers Consol. Mines v. United States*, 325 U.S. 212, 220 (1945). When the movant seeks intermediate relief beyond the claims in the complaint, the court is powerless to enter a preliminary injunction. *See Terry v. Jones*, 2007 WL 962916 (W. D. Okla. Mar. 30, 2007) (unpublished order) (denying a motion for a preliminary injunction on grounds that the petitioner had failed to establish a relationship between preliminary relief and the claims in his habeas petition); *accord Stewart v. United States*

*Immigration & Naturalization Serv.*, 762 F.2d 193, 198-99 (2d Cir. 1985) (holding that the district court lacked jurisdiction to issue a preliminary injunction because the movant had "present[ed] issues which [were] entirely different from those which [had been] alleged in his original complaint"); *Omega World Travel, Inc. v. Trans World Airlines*, 111 F.3d 14, 16 (4th Cir. 1997) ("a preliminary injunction may never issue to prevent an injury or harm which not even the moving party contends was caused by the wrong claimed in the underlying action"); *Alabama v. United States Army Corps of Engineers*, 424 F.3d 1117, 1134 (11th Cir. 2005) ("injunctive relief must relate in some fashion to the relief requested in the complaint" (citation omitted)). "Thus, a party moving for a preliminary injunction must necessarily establish a relationship between the injury claimed in the party's motion and the conduct asserted in the complaint." *Devose v. Herrington*, 42 F.3d 470, 471 (8th Cir. 1994); *see also Penn v. San Juan Hosp. Inc.*, 528 F.2d 1181, 1185 (10th Cir. 1975) (stating that one seeking a preliminary injunction must present "clear proof that he will probably prevail when the merits are tried, so to this extent there is a relation between temporary and permanent relief" (citations omitted)).

This action is a petition for a writ of habeas corpus, pursuant to 28 U.S.C. § 2241, challenging the execution of petitioner's sentence following prison disciplinary proceedings. His motion for injunctive relief, however, addresses the issue of his placement in protective custody and whether his facility will continue to place inmates in protective custody. Such claims regarding the conditions of confinement are not appropriate for a habeas corpus action and must be raised in a civil rights complaint, pursuant to 42 U.S.C. § 1983.

**ACCORDINGLY,** petitioner's motion for a preliminary injunction or temporary restraining order [Docket #14] is DENIED.

**IT IS SO ORDERED** this 3rd day of October 2008.

_____
James H. Payne
United States District Judge
Eastern District of Oklahoma