# IN THE UNITED STATES DISTRICT COURT FOR THE
# EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| **BILLY MONROE HICKS,** | ) |
| Petitioner, | ) |
| v. | ) Case No. CIV 07-238-JHP-KEW |
| **JUSTIN JONES, DOC DIRECTOR** | ) |
| Respondent. | ) |

## OPINION AND ORDER

Petitioner, an inmate in the custody of the Oklahoma Department of Corrections, has filed a challenge to the constitutionality of an Oklahoma statute concerning judicial review of prison disciplinary proceedings that result in the revocation of an inmate's earned credits. The challenged portion of the statute provides:

> E. The judicial review as provided in this section shall not be an independent assessment of the credibility of any witness or a weighing of the evidence, and there shall be no right to an error free proceeding or to confront accusers. The only remedy to be provided, if the court finds due process was not provided, is an order to the Department to provide due process.

Okla. Stat. tit. 57, § 564.1(E).

Petitioner is raising this claim as part of his petition for a writ of habeas corpus, filed pursuant to 28 U.S.C. § 2241, in which he is challenging his loss of earned credits that resulted from his conviction of a prison misconduct. He claims Okla. Stat. tit. 57, § 564.1(E), "places a judicial restriction on the constitutional due process review by a 'legislative mandate for an executive branch of' state government." Petitioner alleges the statute violates Article II, Article III, and the Fourteenth Amendment of the United States Constitution. He

further contends the statute violates Article 2, § 7, of the Oklahoma Constitution,[1] and the separation of powers doctrine. He apparently is complaining that § 564.1(E) allows judicial review only of due process in the prison disciplinary proceedings, and it does not permit assessment of the credibility of witnesses or the weight of the evidence.

Prior to enactment Okla. Stat. tit. 57, § 564.1, effective May 10, 2005, an inmate could challenge his loss of earned credits by two methods: the writ of mandamus "to ensure due process is provided within the Department of Corrections disciplinary system," and (2) habeas corpus "for an inmate to adjudicate a right to release based on the amount of time served coupled with the net earned credits awarded." *Canady v. Reynolds*, 880 P.2d 391, 401 (Okla. Crim. App. 1994). Under those policies there was an absence of available state corrective process, and Oklahoma inmates did not have to seek state judicial review before seeking relief in federal court. *Gamble v. Calbone*, 375 F.3d 1021, 1026 (10th Cir. 2004).

In response to *Gamble*, the Oklahoma legislature enacted Okla. Stat. tit. 57, § 564.1, which provides a procedure for state court review of due process in a disciplinary proceeding that resulted in the loss of earned credits:

> D. The court shall only determine whether due process was provided by the revoking authority. In determining whether due process was provided, the court shall determine:
>
> 1. Whether written notice of the charge was provided to the inmate;
>
> 2. Whether the inmate had a minimum of twenty-four (24) hours to prepare after notice of the charge;
>
> 3. Whether the inmate was provided an opportunity for a hearing by a prison employee not involved in bringing the charge;

---

[1] Article II, § 7, of the Oklahoma Constitution reads, "No person shall be deprived of life, liberty, or property, without due process of law."

2

  4. Whether the inmate had the opportunity to present relevant documentary evidence;

  5. Whether the inmate had the opportunity to call witnesses when doing so would not be hazardous to institutional safety or burden correctional goals;

  6. Whether the inmate was provided a written statement as to the evidence relied on and the reasons for the discipline imposed; and

  7. Whether any evidence existed in the record upon which the hearing officer could base a finding of guilt.

Okla. Stat. tit. 57, § 564.1(D).

  The Supreme Court has held that constitutional due process is satisfied in a prison disciplinary proceeding if an inmate is provided the following: at least 24 hours' advance written notice of the claimed violation; unless good cause exists, an opportunity to call witnesses and to present documentary evidence in his defense; and a written statement by the factfinders giving the evidence upon which they relied and the reasons for the disciplinary action taken. *Wolff v. McDonnell*, 418 U.S. 539, 564-66 (1974). Further, procedural due process requires only that there be "some evidence" to support disciplinary sanctions within a correctional facility. *Superintendent v. Hill*, 472 U.S. 445, 455 (1985).

  Contrary to petitioner's position, the state statute at issue does not violate the minimum due process protection of *Wolff*. Rather, the procedure for judicial review of prison disciplinary hearing is consistent with the due process requirements of *Wolff*. Petitioner argues the statute blocks judicial review of the evidence, but § 564.1(D)(7) sets forth a standard of "any evidence," which the court finds is in accordance with the "some evidence" standard of *Hill*. Section (E) of the statute, which prohibits "an independent assessment of the credibility of any witness or a weighing of the evidence," and which states there is "no

right to an error free proceeding or to confront accusers," also conforms to the due process standards set forth by the Supreme Court. *See Hill*, 472 U.S. at 455-456 (1985) ("Ascertaining whether [the 'some evidence'] standard is satisfied does not require examination of the entire record, independent assessment of the credibility of witnesses, or weighing of the evidence. Instead, the relevant question is whether there is any evidence in the record that could support the conclusion reached by the disciplinary board.").

Petitioner's separation of powers argument also fails. "[A] a basic principle of our constitutional scheme [is] that one branch of the Government may not intrude upon the central prerogatives of another." *Loving v. United States*, 517 U.S. 748, 757 (1996). The Constitution, however, does not contemplate total separation of the three essential branches of government. *See Buckley v. Valeo*, 424 U.S. 1, 121 (1976). Nothing in the statute at issue mandates how the state court ultimately is to decide the case, and decision-making authority rests with the court.

**ACCORDINGLY,** petitioner's motion challenging the constitutionality of a state statute [Docket #19] is DENIED.

**IT IS SO ORDERED** this 30th day of September 2009.

James H. Payne
United States District Judge
Eastern District of Oklahoma