# IN THE UNITED STATES DISTRICT COURT FOR THE
# EASTERN DISTRICT OF OKLAHOMA

BILLY MONROE HICKS,            )
                               )
        Petitioner,         )
                               )
v.                             )   Case No. CIV 07-238-JHP-KEW
                               )
JUSTIN JONES, DOC DIRECTOR,    )
                               )
        Respondent.         )

FILED

OCT 7 2009

WILLIAM B. GUTHRIE
Clerk, U.S. District Court
By_____ Deputy Clerk

## REPORT AND RECOMMENDATION

This matter is before the Magistrate Judge on petitioner's petition for a writ of habeas corpus, filed pursuant to 28 U.S.C. § 2241. Petitioner, an inmate in the custody of the Oklahoma Department of Corrections (DOC), who currently is incarcerated at Davis Correctional Facility, a private prison in Holdenville, Oklahoma, challenges his loss of earned credits and other punishments resulting from a disciplinary conviction for Escape at Oklahoma State Penitentiary in McAlester, Oklahoma. He raises four grounds for relief:

> I. Petitioner was denied minimal due process, because the officer who reported the offense was under investigation at the time for trafficking drugs into the prison. The reporting officer allegedly lied about petitioner to divert attention from himself, and the officer subsequently was arrested for possessing drugs on state property. Petitioner was innocent, and the reporting officer's statement was insufficient to find him guilty of the offense.

> II. Petitioner was denied an impartial hearing, because the hearing officer called the DOC's legal division to discuss the disciplinary hearing with DOC attorneys. The disciplinary hearing officer allegedly was instructed by DOC counsel to find petitioner guilty, although the legal division knew the reporting officer was being investigated. Petitioner told the disciplinary hearing officer he was set up by the reporting officer in retaliation for petitioner's filing a civil rights lawsuit.

> III. Petitioner was charged with Escape and found guilty of Attempted

Escape, when there was no evidence to support the charge, and DOC did not have an offense for Attempted Escape at the time of the misconduct hearing.

IV. Petitioner was denied the right to meaningful court access, because the statute authorizing the Petition for Judicial Review, Okla. Stat. tit. 57, § 564.1, prevents the state district court from conducting a de novo review of the evidence or the credibility of the witnesses.

The Supreme Court has held that constitutional due process is satisfied in a prison disciplinary proceeding if an inmate is provided the following: at least 24 hours' advance written notice of the claimed violation; unless good cause exists, an opportunity to call witnesses and to present documentary evidence in his defense; and a written statement by the factfinders giving the evidence upon which they relied and the reasons for the disciplinary action taken. *Wolff v. McDonnell*, 418 U.S. 539, 564-66 (1974). Further, procedural due process requires only that there be "some evidence" to support disciplinary sanctions within a correctional facility. *Superintendent v. Hill*, 472 U.S. 445, 455 (1985). The relevant question is whether there is any evidence in the record that could support the conclusion reached by the disciplinary board." *Id.* at 455-456 (citations omitted).

The record shows that on December 12, 2005, petitioner received a disciplinary report for the offense of Escape, after he told a prison staff member on November 5, 2005, that he would pay the staff member two or three hundred dollars for a handcuff key to use when petitioner went to court. Petitioner also allegedly said he would escape one way or another when he was taken to federal court.

During the investigation petitioner asked for one witness, so a witness statement was obtained and presented to the hearing officer. Four additional witness statements were made part of the record, and there is no record of petitioner's offering any documentary evidence.

2

Petitioner denied making the statements about getting a key to escape, and he maintained he never spoke to the reporting officer on the day in question. After the investigation was completed, a hearing was held on December 19, 2005, with petitioner present. The hearing officer found petitioner guilty of the offense of Escape and punishment was imposed. The evidence supporting the conviction was the reporting officer's statement that petitioner offered to buy a handcuff key, so he could escape when he went to federal court. The hearing officer found the reporting officer had a record of providing accurate reports and had nothing to gain by fabricating the misconduct. The hearing officer also found this evidence outweighed statements by petitioner and other inmates that petitioner did not speak to the reporting officer. The facility head reviewed and approved the determination by the disciplinary officer on the date of the hearing.

Petitioner appealed to the facility head and the DOC Director, and he was denied final administrative relief on February 8, 2006. The facility head found there was no evidence of direct involvement by the hearing officer. The hearing officer did not witness the incident or participate in completing the offense report. There also was no relationship between the hearing officer and others involved in the offense report that would compromise the hearing officer's objectivity. The DOC Director's Designee found no evidence to substantiate petitioner's allegations that the DOC legal department advised the hearing officer to find petitioner guilty because of petitioner's litigation. The Director's Designee further stated the evidence supported the conviction for Escape, 16-1, the offense for an escape or an attempt to escape from the custody of DOC.

Petitioner next filed a Petition for Judicial Review in state court, which was denied on May 22, 2006. Finally, the Oklahoma Court of Criminal Appeals denied his application

for a writ of mandamus. *Hicks v. State*, No. MA-2006-696 (Okla. Crim. App. Sept. 13, 2006).

The respondent asserts the Oklahoma Court of Criminal Appeals considered and found no merit in petitioner's challenge to his disciplinary proceedings, and under the applicable federal habeas corpus statutes, habeas corpus relief is proper only when the state court adjudication of a claim:

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d).

Here, the court finds the requirements of *Wolff* were met in petitioner's disciplinary proceedings. In addition, the court is satisfied there exists some evidence in the record to support the conclusion that resulted from the disciplinary hearing. Therefore, the Oklahoma Court of Criminal Appeals' decision on the matter was consistent with federal law.

Regarding petitioner's retaliation claim, he "must prove that 'but for' the retaliatory motive, the incidents to which he refers, including the disciplinary action, would not have taken place." *Smith v. Maschner*, 899 F.2d 940, 949-50 (10th Cir. 1990) (quoting *McDonald v. Hall*, 641 F.2d 16, 18 (1st Cir. 1979)). "Mere allegations of constitutional retaliation will not suffice; plaintiffs must rather allege specific facts showing retaliation because of the exercise of the prisoner's constitutional rights." *Frazier v. Dubois*, 922 F.2d 560, 562 n.1 (10th Cir. 1990). Petitioner has presented only the allegation that he had filed a civil rights

4

lawsuit, and he was charged with a misconduct. The court concludes his unsupported, conclusory allegations of retaliation do not warrant habeas corpus relief.

Finally, petitioner's claim regarding Okla. Stat. tit. 57, § 564.1, also is meritless. As set forth in the court's Order and Opinion entered on September 30, 2009, there is no constitutional right to "examination of the entire record, independent assessment of the credibility of witnesses, or weighing of the evidence" [Docket #29 at 4 (quoting *Superintendent v. Hill*, 472 U.S. 445, 455-56)].[1]

**ACCORDINGLY**, the Magistrate Judge recommends that this action be, in all respects, dismissed.

Pursuant to 28 U.S.C. § 636(b)(1)(C), the parties are given ten (10) days from being served with a copy of this Report and Recommendation to file with the Clerk of the Court any objections with supporting briefs. Failure to file timely written objections to the Magistrate Judge's recommendations may result in waiver of appellate review of factual and legal questions. *Talley v. Hesse*, 91 F.3d 1411, 1412-13 (10th Cir. 1996); *Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991).

**DATED** this 7th day of October 2009.

KIMBERLY E. WEST
UNITED STATES MAGISTRATE JUDGE

---

[1] The respondent alleges this issue has not been exhausted, but the claim fails on the merits. *See* 28 U.S.C. § 2254(b)(2).